E-FILED
Monday, 14 January, 2008  03:56:56 PM
Clerk, U.S. District Court, ILCD

ОАО91 (Rev. 12/03)  Criminal Complaint

# UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA
V.
KIYANTIS RILEY

(Name and Address of Defendant)

**CRIMINAL COMPLAINT**

Case Number: 08-M- 7202

FILED
JAN 1 4 2008
CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, ILLINOIS

I, the undersigned complainant state that the following is true and correct to the best of my knowledge and belief. On or about **September 12, 2007** (Date) in **Kankakee** County, in the **Central** District of **Illinois** defendant(s) did,

(Track Statutory Language of Offense)
knowingly distribute five grams or more of a mixture and substance containing cocaine base ("crack"), a Schedule II Controlled Substance,

in violation of Title **21** United States Code, Section(s) **841(a)(1) and 841(b)(1)(B)(iii)**.

I further state that I am a(n) **Special Agent, DEA** and that this complaint is based on the following facts:
Official Title

SEE ATTACHED AFFIDAVIT

Continued on the attached sheet and made a part of this complaint: ☐ Yes  ☒ No

/s/ Christopher Hoyt
Signature of Complainant

Christopher Hoyt
Printed Name of Complainant

Sworn to before me and signed in my presence,

1/14/2008
Date

at  Urbana, Illinois
    City         State

/s/ David G. Bernthal

David G. Bernthal        U.S. Magistrate Judge
Name of Judge            Title of Judge            Signature of Judge

# AFFIDAVIT

I, CHRISTOPHER L. HOYT, being first duly sworn on oath, depose and state as follows:

1. I am a Special Agent of the Drug Enforcement Administration ("DEA"), and have been so employed since 1997. I am presently assigned to the DEA Chicago Field Division and previously was assigned to the Fairview Heights, Illinois Resident Office for approximately five years. During my time as a Special Agent with DEA, I have personally conducted and/or assisted in numerous investigations of criminal violations involving controlled substances.

2. As a Special Agent with DEA, I have received extensive training in investigating violations of federal narcotics statutes, including those regarding the distribution of cocaine. I have also conducted and participated in numerous investigations involving the detection and investigation of drug trafficking violations, including distribution of controlled substances, conspiracy to distribute controlled substances, and the carrying or possession of firearms during drug trafficking crimes. I have had numerous conversations with drug traffickers concerning their methods of operation in the course of investigative interviews, and have listened to numerous tape-recorded conversations between informants and drug traffickers in which their methods of operation were discussed or revealed. I have testified in numerous judicial proceedings regarding drug trafficking violations. I am currently assigned to the investigation of drug trafficking activity in the Central District of Illinois, including in Kankakee County, Illinois.

3. This affidavit is made in support of a criminal complaint and arrest warrant charging KIYANTIS J. RILEY (DOB: xx / xx/1971) with the distribution of five grams or more of cocaine base ("crack") in violation of Title 21, United States Code, Sections 841(a)(1) & (b)(1)(B)(iii).

4. The statements contained in this affidavit are based in part on my own personal observations, information provided by other DEA agents and other law enforcement officers, on information provided by other witnesses, and on my experience and background as a Special Agent with DEA. The information contained in this affidavit is not an exhaustive account of everything I know about this case. Rather, it is only the facts that I believe are necessary to establish probable cause to believe that RILEY distributed five grams or more of cocaine base ("crack") in violation of Title 21, United States Code, Section 841(a)(1) & (b)(1)(B)(iii).

5. Around 4:45 p.m. on September 12, 2007, I and other DEA and Kankakee Area Metropolitan Enforcement Group (KAMEG) agents met with a confidential informant (CI) in Kankakee, Illinois. The CI was cooperating with law enforcement agents in the hopes that the CI's associate, who was currently facing federal drug charges, might receive a lower recommended sentence from the United States. We searched the CI and the CI's vehicle for contraband and currency and did not find any. Around 4:55 p.m., on September 12, 2007, the CI placed a recorded telephone call to an associate of RILEY's. The CI asked the associate how much for an ounce, referring to an ounce of cocaine base ("crack"). The associate told the CI $850.00. The CI asked the

associate if he was ready, and RILEY's associate told the CI to come over to the house. An agent provided the CI with $850 pre-recorded Official Advance Funds and fitted the CI with a recording device (*i.e.*, a body wire). I and another agent followed the CI in a separate vehicle to _____. Kankakee, Kankakee County, in the Central District of Illinois.

6. Around 5:11 p.m., the CI arrived at the residence at _____ Drive in the CI's car. Agents observed RILEY's associate leave the residence, approach the CI's car, speak with the CI while the CI remained inside the car, and then return to the residence. According to the CI, RILEY's associate confirmed that an ounce of crack cocaine would cost $850. Around 5:14 p.m., agents observed RILEY leave the residence, get into the front passenger seat of the CI's car, and speak with the CI. According to the CI, RILEY attempted to raise the price to $875, but the CI told RILEY that the agreed price was $850. Agents then observed RILEY leave the CI's car, enter the residence for a brief period of time, and then return to the CI's car. According to the CI, RILEY placed a small digital scale on the armrest between them and placed a small baggie containing crack cocaine on the scale. The scale indicated that the package weighed 28.0 grams (which is equivalent to one ounce). The CI then paid RILEY $850. Agents observed RILEY get out of the car, and the CI drive away from the residence.

7. I and another agent followed the CI to a pre-determined location. We met the CI there and obtained from the CI a clear baggie containing a white chunky substance, that based on my training and experience, appeared to be the crack form of

cocaine base. Agents searched the CI and did not find any contraband or currency. The substance field tested positive for the presence of cocaine and weighed approximately 28.0 grams. The substance was submitted to the DEA North Central Laboratory, where it tested positive as 26.5 grams of cocaine base.

Further affiant sayeth not.

s/ Christopher Hoyt

CHRISTOPHER L. HOYT
Special Agent
Drug Enforcement Administration
Chicago, Illinois

Subscribed and sworn to before me this 14th day of January, 2008.

s/ David G. Bernthal

DAVID G. BERNTHAL,
United States Magistrate Judge